STATE BANK OF WILCOX V. F. G. WILKIE.

[FILED NOVEMBER 2, 1892.]

1. **Negotiable Instruments: ACTION ON DRAFT: PROOF OF ACCEPTANCE.** An action was brought upon two drafts which it was claimed one W. had accepted. This he denied. The proof tended to show that the alleged acceptance had been obtained, if at all, January 14, 1890, about 7 P. M., by one H., a stranger; that W. had then signed a property statement for an alleged hydro-carbon burner, which H. professed to be about to furnish to him. W. also signed two contracts. He denied that the signatures to the acceptance were his, and the jury having found that he did not sign the same, *held*, that the verdict conformed to the proof.

2. ———: ———: **BONA FIDE PURCHASERS: EVIDENCE.** On the night of January 14, 1890, H., a stranger, took the alleged drafts above described and indorsed the same and delivered them in the night season to one Wheeler, and thereupon left the county. Wheeler soon after, 9 A. M. next morning, took the drafts to a bank and had them discounted for four-fifths of their face value. The alleged acceptor lived less than three miles from the bank and apparently was solvent, yet no inquiry was made of him, nor any one having knowledge of the matter in regard to the drafts. *Held*, That these facts were proper to be submitted to the jury in determining the question of good faith of the purchaser.

ERROR to the district court for Phelps county. Tried below before GASLIN, J.

*C. C. Flansburg,* for plaintiff in error.

*S. A. Dravo, Leese & Stewart,* and *Dilworth, Smith & Dilworth, contra.*

MAXWELL, CH. J.

The causes of action are set forth in this case as follows :

"Plaintiff states that it is a corporation duly organized under the laws of Nebraska. Its first cause of action is

founded upon a written instrument made and executed by defendant in the words and figures following:

"'Wilcox, Neb., January 14, 1890.

"'June 1st after date pay to the order of Thomas Hall $500 with exchange, and eight per cent interest from date if not paid when due. Value received and charge to the account of                   Hall & Co.,

"'By Thos. E. Hall.

'"To F. G. Wilkie, Wilcox, Nebraska.'

"That on the back of said instrument appeared the following indorsement:

"'To indemnify on acceptance I hereby certify that I own in my own name 320 acres of land in sections 26 and 35, T. 5, R. 17, county of Phelps and state of Nebraska, worth $8,000 above incumbrance; personal property, chattels, and merchandise, $3,000 above incumbrance.

"'Dated Wilcox, Neb., January 14, 1890.

"'F. G. Wilkie.

"'Thos. E. Hall.

"'H. H. Wheeler.'

"That on the 14th day of January, 1890, said Thomas E. Hall indorsed his name thereon and sold the same for a valuable consideration to H. H. Wheeler, who, on the 15th day of January, 1890, indorsed his name on the back of said instrument and sold the same to the plaintiff herein for a valuable consideration, and plaintiff is now the owner and holder thereof.

"That no part thereof has been paid, and there will be due on the said instrument from said defendant to plaintiff on the 1st day of June, 1890, the sum of $500.

"Second cause of action:

"That on the said 14th day of January, 1890, the said defendant made, executed, and delivered his certain instrument in writing, in words and figures following:

"'Wilcox, Neb., January 14, 1890.

"'October 1st after date pay to the order of Thomas E.

Hall $500 with exchange, and eight per cent interest from date if not paid when due. Value received, and charge to the account of HALL & CO.

"'By THOS. E. HALL.

"'To F. G. Wilkie, Wilcox, Neb.'

"That on the back of said instrument appeared the following indorsement:

"'To indemnify on acceptance I hereby certify that I own in my own name 320 acres of land in sections 26 and 34, T. 5, R. 17, county of Phelps and state of Nebraska, worth $8,000 above incumbrance; personal property, chattels, and merchandise, $3,000 above incumbrance.

"'Dated Wilcox, Neb., January 14, 1890.

"'F. G. WILKIE.

"'THOS. E. HALL.

"'H. H. WHEELER.'

"That no part of said instrument or the amount therein expressed has been paid, and there will be due thereon from said defendant to plaintiff on the 1st day of October, 1890, the sum of $500; plaintiff having purchased the same for a valuable consideration of the said H. H. Wheeler on January 15, 1890, or in the usual course of business, without any notice of any defense, and said H. H. Wheeler purchased said instrument of said Thomas E. Hall on the 15th day of January, 1890, for a valuable consideration.

"Plaintiff therefore prays for a judgment against said defendant for the amounts and at the times in his petition set out, and for such other relief as may be just in the premises."

The answer is a general denial.

On the trial of the cause the jury returned a verdict for the defendant, upon which judgment was rendered.

The principal objection is that the verdict is against the weight of evidence. The testimony tends to show that the defendant resides from two and a half to three miles from Wilcox; that about 7 P. M. on the 14th of January, 1890,

a person calling himself Thomas E. Hall went to the defendant's residence and made some arrangement to furnish him an alleged carbon hydrogen burner, and apparently pretended to employ him as agent in that locality for the alleged burner.

The issues being restricted the exact nature of the contract does not appear, but this much is clear that Hall was to furnish one or more alleged burners to the defendant, and required a property statement, which the defendant made as follows:

"To indemnify on acceptance I hereby certify that I own in my own name 320 acres of land in sections 26 and 34, Tp. 5, R. 17, county of Phelps and state of Nebraska, worth $8,000 above incumbrance; personal property, chattels and merchandise, $3,000 above incumbrance.

"Dated Wilcox, Neb., January 14, 1890.

"F. G. WILKIE."

On the other side is a draft in regular form, apparently filled out and signed by Hall by using an indelible pencil, while Wilkie's name purports to have been signed in ink. Wilkie denies the acceptance absolutely.

The proof tends to show that he owed Hall nothing and hence had no occasion to give him one or more drafts; that Hall came to Wilcox on the night of the 14th of January, 1890, after leaving the residence of the defendant, and called upon one Wheeler, the agent at Wilcox of the K. C. & O. R. R. It does not appear whether there had been any previous arrangement between these parties or not, but Wheeler very readily made an arrangement with Hall by which the drafts were indorsed by Hall that night and delivered to Wheeler.

In the morning, almost immediately after the bank opened, Wheeler went to the bank and offered to sell the drafts for a large discount. The drawer was a stranger, comparatively unknown to the bank or any of its officers. The alleged acceptor seems to have been possessed of con-

siderable property, so that the drafts if genuine were worth their face, yet these were alleged to have been bought of Wheeler after a few minutes', not to exceed twenty minutes, conversation, for the sum of $800, without inquiry of the alleged acceptor.

It is very evident from the testimony that the man traveling under the name of Hall is engaged in disreputable business, worse, if possible, than larceny, and one who purchases paper from such a person under suspicious circumstances, need not be surprised if he finds that the man who has no scruples as to the means he uses to obtain a signature to a paper which afterwards turns up as a negotiable instrument, will have no compunctions of conscience to prevent his tracing or otherwise copying the name thus obtained.

The proper place for men of the Hall order is the penitentiary, and the proper prosecuting officers should see that the law is enforced.

The testimony fails to establish the acceptance by the defendant, and also good faith on the part of the plaintiff in error. No objection is made to the instructions. The judgment is right and is

AFFIRMED.

THE other judges concur.